## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **BROADSTAR WIND SYSTEMS GROUP, LLC,** | § § § | |
| **Plaintiff,** | § | |
| **v.** | § § | |
| **THOMAS STEPHENS,** | § | **Civil Action:** _____ |
| Defendant. | § § | |
| **MARK BERGEE,** | § § | |
| **Plaintiff-Intervenor,** | § § | |
| **v.** | § § | |
| **BROADSTAR WIND SYSTEMS GROUP, LLC,** | § § § | |
| **Defendant.** | § | |

### INDEX

1.  Plaintiff's Original Verified Petition, Application          Filed February 11, 2010
    for Temporary Restraining Order, and Request
    for Injunctive Relief

2.  Plaintiff's Motion to Expedite Discovery                    Filed February 11, 2010

3.  Order Granting Plaintiff's Motion for                       Filed February 11, 2010
    Expedited Discovery

4.  Temporary Restraining Order                                 Filed February 11, 2010

5.  Verified Petition in Intervention                           Filed February 23, 2010

6.  Judge's Docket Sheet

**JUDGE'S DOCKET**

Action:                          Filing:                          No. _____

|                    PARTIES                    |                 ATTORNEYS                 |

## DC-10-01656
**Filed: 02/11/2010**

| OTHER (CIVIL) | 191st District Court |
|---|---|

BROADSTAR WIND SYSTEMS GROUP LLC vs. THOMAS STEPHENS



| Plaintiff | Lead Attorney |
|---|---|
| BROADSTAR WIND S | GOULD, ANDREW |

| Defendant | Lead Attorney |
|---|---|
| STEPHENS, THOMAS | |

| JURY DEMAND DATE | | | | DATE GIVEN | TO | SETTINGS | DATE SET | TIME | DATE GIVEN | TO | SETTINGS | DATE SET | TIME |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| FEE PAID BY | VOL | PAGE | | | | | | | | | | | |
| **REPORTED HEARING** | | | | | | | | | | | | | |
| DATE | WIT. | EX. | RPTR | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |
| | | | | | | | | | | | | | |

DISPOSITION
- To fed court ☐
- To another county ☐
- D.W.P. ☐
- Nonsuit ☐
- Default ☐
- Agreed Jgt ☐
- Summary Jgt ☐
- Ex parte Jgt ☐
- Nonjury trial ☐
- Jgt on verdict ☐
- Dir verd or NOV ☐
- Other disposition ☐

JURY
- Voir dire _____
- Jury sworn _____
- Ev to jury _____

ACTIVITY
- Mistrial _____
- Hung jury _____
- Dir verd _____
- Verdict _____
- New trial _____

2/11/10  of TRO                        394 5 230



NO. 10-01656

FILED
2010 FEB 23 PM 5: 08
GARY FITZSIMMONS
DISTRICT CLERK
DALLAS CO., TEXAS
DEPUTY

BROADSTAR WIND SYSTEMS )   IN THE DISTRICT COURT
GROUP, LLC, )
)
Plaintiff, )
) OF DALLAS COUNTY, TEXAS
v. )
)
THOMAS STEPHENS, )
) 191ST JUDICIAL DISTRICT
Defendant. )
_____)

MARK BERGEE, )
)
Plaintiff-Intervenor, )
v. )
)
BROADSTAR WIND SYSTEMS )
GROUP, LLC, )
)
Defendant. )
_____)

## VERIFIED PETITION IN INTERVENTION

Plaintiff-Intervenor Mark Bergee ("Intervenor") files this action against plaintiff BroadStar Wind

Systems Group, LLC ("BroadStar"), upon personal knowledge with respect to himself and his own

actions, and upon information and belief as to all other matters, as follows:

### I

### PARTIES

1. Intervenor is an individual residing in ~~Dallas~~ Denton County, Texas.

2. Intervenor is informed and believes that BroadStar is a limited liability company organized in

March 2009 and existing under the laws of the State of Delaware.

3. Intervenor is informed and believes that defendant Thomas Stephens ("Stephens") is an

individual residing in Dallas County, Texas.

## II

### BACKGOUUND FACTS

4.  Intervenor is informed and believes that TGS Innovations, LP ("TGS") is a Texas limited partnership organized in or about November 2002 and existing under the laws of the State of Texas.

5.  Intervenor is informed and believes that X-Blade Systems, LP ("X-Blade") is a Texas limited partnership organized in or about August 2006 and existing under the laws of the State of Texas.

6.  Intervenor has over 25 years of experience as an engineer in the aerospace industry and holds a BS degree in Aeronautical & Astronautical Engineering from the University of Illinois at Urbana-Champaign (1984).

7.  Intervenor's experience includes design, analysis and testing of a variety of aircraft, missiles and launch systems. He has supported the development of high altitude reconnaissance platforms, fighter and attack aircraft, transonic long-range cruise vehicles, anti-submarine warfare aircraft, air launched stand-off weapons, and guided projectiles.

8.  Intervenor's expertise is in the areas of configuration development, applied aerodynamics, wind tunnel testing, performance optimization and mechanical design. In addition to direct project support, Intervenor has performed aerodynamics technology research and has designed and tested several laminar flow airfoil sections and blended body configurations.

9.  Intervenor has participated in more than 20 full-configuration wind tunnel tests in his career and has familiarity with numerous testing facilities. Intervenor also has a valuable experience base with the analysis, modeling and evaluation of high performance reciprocating engines and has built several custom high performance engines.

10. Intervenor was a co-founder and the chief of aerodynamics and aircraft design for Geneva Aerospace and has served as a senior staff engineer for three major defense contractors: Texas Instruments Defense (now Raytheon), E-Systems Greenville (now L-3 Communications), and the Lockheed Advanced Development Projects.

11. Intervenor is informed and believes that BroadStar claims that it created and is the exclusive owner of a "pitch schedule program and calculator" technology (the "Pitch Calculator Technology"). Intervenor is informed and believes that BroadStar claims all rights, title and interest to the Pitch Calculator Technology. Intervenor is informed and believes that BroadStar claims the Pitch Calculator Technology cannot be used by anyone, including Stephens, without its permission. Intervenor is informed and believes that BroadStar claims the Pitch Calculator Technology is "confidential" and "proprietary" to BroadStar and a "trade secret" not known to and not ascertainable by other persons.

12. The Pitch Calculator Technology used by BroadStar was "created" and developed by Intervenor long before BroadStar was formed in March 2009. In fact, Intervenor's work on the Pitch Calculator Technology began in earnest in January 2008, or over a year before BroadStar's formation and before Intervenor, an independent unpaid consultant, introduced the Pitch Calculator Technology to Stephen Else, BroadStar's president, in February 2008.

13. Intervenor's consultant and development work concerning the Pitch Calculator Technology was with TGS and one of its owners, Stephens, and not BroadStar, which was not yet in existence. From February 2008 through November 2008 Intervenor's development of the Pitch Calculator Technology was through Stephens and TGS, not BroadStar (it did not yet exist to the best of Intervenor's knowledge).

14. Intervenor never transferred any right, title or interest to the Pitch Calculator Technology to any other person or entity, including BroadStar. Intervenor, while maintaining all rights, title and interest thereto, has allowed Stephens individually to use and develop the Pitch Calculator Technology. Although Intervenor coached and advised various persons about the development of the Pitch Calculator Technology he always maintained his ownership rights to it.

## COUNT ONE

## DECLARATORY JUDGMENT

15. Intervenor repeats and incorporates herein by reference the allegations in paragraphs 1-14, inclusive, of this petition.

16. Intervenor is informed and believes that BroadStar claims, now and in the past, to be the exclusive owner of all right, title and interest in and to the Pitch Calculator Technology.

17. Intervenor is informed and believes that BroadStar claims, now and in the past, that the Pitch Calculator Technology is "confidential" and "proprietary" to BroadStar and a "trade secret" not known to and not ascertainable by other persons.

18. Intervenor claims to be the owner of the right, title and interest in and to the Pitch Calculator Technology, including right to enforce his rights, title and interest thereto against any and all alleged infringers.

19. Intervenor is informed and believes that the Pitch Calculator Technology is not a "trade secret" under the federal Uniform Trade Secrets Act (the "Trade Secrets Act") and that Intervenor's right, title and interest in and to the Pitch Calculator Technology is protected under the Copyright Act of 1976, as amended, 17 U.S.C. § 106 *et seq.* (the "Copyright Act").

20. An actual, substantial and continuing justiciable case and controversy exists between Intervenor, on the one hand, and BroadStar, on the other hand, based on competing claims to the Pitch Calculator Technology.

21. Intervenor seeks determinations of the parties' respective rights and responsibilities under federal trade secret and copyright laws, including the Trade Secrets Act and the Copyright Act.

22. Intervenor has been injured and damaged by BroadStar's accusations concerning and claims to the Pitch Calculator Technology.

23. Declaratory relief is appropriate and necessary to establish that Intervenor is the owner of the right, title and interest in and to the Pitch Calculator Technology, including the right to protect its use against alleged infringers.

24. Pursuant to the Copyright Act, the Trade Secrets Act and the Uniform Declaratory Judgments Act, Tex. Civ. Prac. & Rem. C. 28 § 37.001, *et seq.*, Intervenor requests a declaratory judgment that BroadStar is not and has not been, now or in the past, the exclusive owner of all right, title and interest in and to the Pitch Calculator Technology, including the right to enforce the Pitch Calculator Technology

against alleged infringers, and that Intervenor is the owner of the right, title and interest in and to the Pitch Calculator Technology, including the right to enforce the Pitch Calculator Technology against alleged infringers.

25. Accordingly, Intervenor prays for judgment as hereinafter set forth.

### III

### DEMAND FOR JURY TRIAL

Intervenor hereby requests a jury trial for all issues triable by a jury including, but not limited to, those issues and claims set forth in any petition, amended petition, complaint or amended complaint or counterclaim herein.

### IV

### PRAYER FOR RELIEF

WHEREFORE, Intervenor prays for judgment as follows:

1. Render judgment declaring that Intervenor, and not BroadStar, holds the copyright to and is the owner of the right, title and interest in and to the Pitch Calculator Technology, including the right to enforce the Pitch Calculator Technology against alleged infringers, under the provisions of the Copyright Act;

2. Render judgment declaring that the Pitch Calculator Technology is not a "trade secret" under the provisions of the Trade Secrets Act;

3. Award Intervenor its fees and costs, including attorney's fees; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Mark J. Bergee
Address:   405 E. Bob Jones Rd.
           Southlake, TX 76092
Telephone: (214) 500-8423
E-Mail:    mbergee2003@yahoo.com
Plaintiff-Intervenor *Pro Se*

**VERIFICATION**

State of Texas

County of Dallas


Before me, the undersigned authority, personally appeared Mark J. Bergee, who proved to me on the basis of

satisfactory evidence to be the person whose name is subscribed to the within Verified Petition in Intervention; that

by his signature on the Verified Petition in Intervention he is the person who executed the instrument; that the

factual statements set forth in paragraphs 1, 6-10, and 12-14 are within his personal knowledge; and that every

statement contained in those paragraphs is true and correct.

SWORN AND SUBSCRIBED TO on this _23ed_ day of February 2010 to certify which witness my hand and seal

of office.

Signature _Sherry Jordan Cherry_ (Seal)

> SHERRY JORDAN CHERRY
> MY COMMISSION EXPIRES
> February 27, 2011

My commission expires on: _____



NO. 10-01656                                                                3949000230

**BROADSTAR WIND SYSTEMS GROUP LLC,**

§
§                    **IN THE DISTRICT COURT**

**Plaintiff,**

§
§
§

v.

§
§

**THOMAS STEPHENS,**

§
§                    **OF DALLAS COUNTY, TEXAS**

§

**Defendant.**

§
§
§                    191st **JUDICIAL DISTRICT**

## TEMPORARY RESTRAINING ORDER

On February 11, 2010, the Court considered Plaintiff's Original Verified Petition, Application for Temporary Restraining Order, and Request For Injunctive Relief filed by Plaintiff BroadStar Wind Systems Group LLC ("Plaintiff" or "BroadStar"), under the Local Rules of the Civil Courts of Dallas County, including Certificate under LR 2.02. The Court finds that it clearly appears from specific facts shown by the Verified Petition, that immediate and irreparable injury, loss, or damage will result to Plaintiff's property, irrespective of any remedy at law, before notice can be served and hearing had thereon, in that Defendant has performed, is performing, or is about to perform acts ~~unlawfully~~ using, disclosing, and/or misappropriating BroadStar's trade secrets and confidential and proprietary information, in violation of BroadStar's contractual, statutory, and/or common law rights, which would tend to render judgment in this suit ineffectual, and accordingly it is:

ORDERED that BroadStar's Application for Temporary Restraining Order against Defendant Thomas Stephens should be, and hereby is, GRANTED.

Accordingly, the Court makes the following findings and orders:

The Court has personal jurisdiction over the parties.

**TEMPORARY RESTRAINING ORDER – Page 1**

000231

The Court finds that BroadStar has developed valuable trade secrets and confidential information relating to its patented AeroCam™, a specially-designed wind turbine designed for on-site electrical power generation for commercial, government, and industrial buildings.

The Court further finds that BroadStar tested turbines and blade angles in varying wind conditions to attempt to study and map out the air flow through its complex turbine. It combined this information with aerodynamic principles and physics to maximize the power produced by the turbine. The research began in 2008 and took more than a year to complete. BroadStar developed protocols for testing the turbines and created algorithms related to the slight adjustments in blade angles in an effort to make the turbines aerodynamically efficient. These formulas and the massive amounts of data gathered by BroadStar, were stored in a large Excel Spreadsheet. The program is known as the "Pitch Schedule Program and Calculator." The program contains not only all of the data collected by BroadStar and these algorithms and calculations, but also a number of other features, including calculation of forces in the turbine's actuation system to design those components. It contains information and calculations central to the design of the component parts of the turbine. It is password-protected, not disseminated to third parties, and only a handful of BroadStar employees have access to it.

The Court further finds that without ensuring the protection of the Pitch Schedule Program and Calculator, BroadStar's entire business is in jeopardy.

As it relates to Defendant Stephens, the Court finds that he is an employee, member of the Board of Managers, and holder of 14.9% of the outstanding equity in BroadStar. The Court further finds that Stephens secured a copy of the Pitch Schedule Program and Calculator and, despite requests for its safe return, has refused and/or failed to so return it. Stephens has also sought to change patent applications to reflect himself as the owner of such patents and has

**TEMPORARY RESTRAINING ORDER – Page 2**

000232

refused to execute necessary documents to ensure the protection of BroadStar's intellectual property.

The Court finds that Defendant Stephens had access to, and/or acquired BroadStar's trade secrets and confidential information during his employment by BroadStar and that Stephens is obligated to maintain the confidentiality of BroadStar's information, has a continuing fiduciary duty to BroadStar, and ~~has or intends to~~ breach a confidential relationship in using or disclosing BroadStar's confidential information.

The Court finds that BroadStar's trade secrets and confidential information are not known outside of BroadStar and that BroadStar has undertaken substantial steps to maintain the secrecy of its confidential information.

The Court finds that immediate and irreparable harm would occur to BroadStar if its trade secrets and confidential information is used or disclosed, that substantial benefit would result to a competitor of BroadStar, that no adequate remedy at law exists, and that Stephens must be enjoined from retaining and/or disclosing BroadStar's confidential information to prevent destruction to BroadStar's trade secrets and confidential property. ~~The Court also finds that Stephens's inaccurate statements regarding his ownership interest in BroadStar are impeding BroadStar's ability to operate its business and attract investors, and are contrary to the best interests of the Company.~~

Therefore, it is ORDERED, as follows:

A.      Defendant Stephens, and, as applicable, his collective and respective agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, are hereby restrained and enjoined against:

1.      using, disclosing or transferring any information, knowledge or data of BroadStar that he receives, develops, or has access to (or that he received, developed, or

had access to) during the course of his employment or association at BroadStar, relating to its trade secrets, including but not limited to the Pitch Schedule Program and Calculator, or any other formula, pattern, design, device or other compilations of information that is owned by BroadStar and that are regularly used in the operation of BroadStar's business to give it an opportunity to obtain an advantage over competitors who do not know or use it, as well as BroadStar's confidential information, for his own benefit or the benefit of a competitor of BroadStar or in any other way that harms it or diminishes the value of the trade secret or confidential information;

2.      destroying, concealing or disposing of any documents, papers, tangible things, electronic files (whether such documents, paper or files are maintained on a computer, personal digital assistant device, or telephone), or other materials obtained from or belonging to BroadStar or containing or referring to BroadStar's trade secrets or confidential or proprietary information;

3.      acting contrary to the best interests of BroadStar by, among other things, stating or implying that his ownership interest in BroadStar is anything greater than 14.9% (and/or by refusing to explain the bases for believing it is anything greater than 14.9%), by using BroadStar's network or computers for purposes unrelated to BroadStar's business, and by refusing to fulfill his role and responsibilities as a member of the Board of Managers.

B.      Stephens is ORDERED to return to BroadStar, within twenty-four (24) hours of service of the Temporary Restraining Order, the original and/or any and all copies of the Pitch Schedule Program and Calculator and any documents, materials, emails, or files related to it. Stephens must provide a verified statement to the effect that he has returned the Pitch Schedule Program and Calculator to BroadStar and has never provided it to any third parties, or otherwise disclosed it to any third parties.

C.      The Court finds that Stephens's ownership in BroadStar is 1,304,470, or 14.9%, of the outstanding membership units in BroadStar, and that Defendant shall not assert any greater ownership in BroadStar.

D.      BroadStar is hereby authorized to secure an image (or images) of any and all computer(s) or computer storage devices Stephens owns and/or uses through a third party

000234

forensic computer consultant who will retain such items until receiving further direction from the Court,

E.     Plaintiff Stephens is hereby ORDERED to abide by the terms of his Agreement and execute those documents BroadStar requests him to execute related to inventions and/or patents including, but not limited to, the items previously provided to his attorney Monday, February 8, 2010.

It is further ORDERED that the hearing on BroadStar's Application for Temporary Injunction shall commence on _Feb. 25_, 2010 at _9:00_ a.m./p.m. in the _191st_ District Court, Dallas County, Texas, and that Defendant appear and show cause, if any exists, why this Temporary Restraining Order should not be continued as a temporary injunction.

It is further ORDERED that, prior to the issuance of such a Temporary Restraining Order, BroadStar shall file a bond with the Dallas County District Clerk in the amount of $ _500.00_, by cash deposit or by good and sufficient sureties, which amount the Court finds will adequately protect the interests of Defendant, pending a hearing on BroadStar's Application for Temporary Injunction.

It is further ORDERED that, upon filing of the bond or deposit in lieu required herein that the District Clerk of Dallas County, shall prepare and issue this notice of Temporary Restraining Order and/or writ of injunction for service upon Defendant.

SIGNED at _5:10_ o'clock a.m./p.m. on the _11_ day of February, 2010.

Sheryl Day McFarlin

JUDGE PRESIDING

**TEMPORARY RESTRAINING ORDER – Page 5**



NO. 10-01656

| | | |
|---|---|---|
| **BROADSTAR WIND SYSTEMS GROUP LLC,** | § § § | **IN THE DISTRICT COURT** |
| Plaintiff, | § § | |
| **v.** | § § | **OF DALLAS COUNTY, TEXAS** |
| **THOMAS STEPHENS,** | § § | |
| Defendant. | § § | 191st **JUDICIAL DISTRICT** |

## ORDER GRANTING PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY

The Court, having considered the Motion and Brief in Support of Expedited Discovery filed by Plaintiff BroadStar Wind Systems Group LLC ("Plaintiff" or "BroadStar"), finds that the Motion should be, and herby is, GRANTED as follows:

It is ORDERED that the parties shall be, and are hereby, granted leave of Court to engage in expedited discovery, as set forth below, for the purposes of preparing for the hearing on Plaintiff's Application for Temporary Injunction and prior to the appearance date of Defendant Thomas Stephens ("Stephens"), as necessary.

It is further ORDERED that the parties shall be entitled to notice, schedule, and take depositions in this matter upon five (5) calendar days' notice and, if necessary, prior to Stephen's date of appearance, as the parties deem necessary in preparation for the hearing on BroadStar's Application for Temporary Injunction. Notwithstanding the foregoing, BroadStar shall be entitled to notice, schedule, and complete the deposition of Stephens prior to the initiation of any other depositions in this matter.

It is further ORDERED that, unless otherwise agreed by the parties, Stephens and any other deponent who receives a *duces tecum* with a Notice of Deposition hereunder shall produce

by hand-delivery, email, or facsimile, no later than twenty-four (24) hours before the deposition, all records, documents, and tangible things responsive to the *duces tecum*, subject to any proper objections raised thereto.

It is further ORDERED that, unless otherwise agreed by the parties, the parties may serve requests for production of documents, interrogatories, requests for disclosure, and any other written request for discovery permitted by the Texas Rules of Civil Procedure on the other parties, and any responses and/or objections to such discovery requests shall be due no later than ~~five (5)~~ calendar days after service of such discovery requests.

It is further ORDERED that, for purposes of this Order, unless otherwise agreed by the parties, the parties ~~may~~ must serve written discovery, deposition notices, and any other discovery material by ~~regular mail, expedited mail,~~ facsimile, or electronic mail, and the party serving such material shall be deemed to have effectuated service in accordance with the Texas Rules of Civil Procedure on the day of its receipt of the material so long as the material is received no later than 5:00 p.m. prevailing time.

Except as otherwise provided above, discovery shall be conducted in accordance with the Texas Rules of Civil Procedure and any other governing law or rule.

SIGNED at 5:15 o'clock a.m. (p.m.) on the 11 day of February, 2010.

Sheryl Day McFarlin
JUDGE PRESIDING

**ORDER GRANTING PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY – Page 2**

(Handwritten margin note:) To be completed by Judge McFarlin after Mr. Stephens retains Texas Counsel, which # at he is instructed to (and/or attempt to do) immediately. Defendant is to update the Judge (and Plaintiffs counsel) daily





NO. 10-01056

| | | |
|---|---|---|
| **BROADSTAR WIND SYSTEMS GROUP LLC,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **OF DALLAS COUNTY, TEXAS** |
| | § | |
| **THOMAS STEPHENS,** | § | |
| | § | **191st** ____ **JUDICIAL DISTRICT** |
| **Defendant.** | § | |

## PLAINTIFF'S MOTION TO EXPEDITE DISCOVERY

Plaintiff BroadStar Wind Systems Group LLC ("Plaintiff" or "BroadStar") files its

Motion to Expedite Discovery ("Motion") pursuant to Texas Rules of Civil Procedure 166 and

199.1, and would show the Court as follows:

### I.     INTRODUCTION

Scheduled for hearing before this Court is Plaintiff's Original Verified Petition,

Application for Temporary Restraining Order, and Request for Injunctive Relief ("Application

For TRO"). BroadStar anticipates that a hearing on its application for temporary injunction

("Application for Temporary Injunction") will occur two weeks from the date this Motion is

presented to the Court. Prior to such hearing, BroadStar needs to engage in discovery as to

matters within the knowledge and possession of Defendant and certain non-parties to this action

that are the subject of the Court's temporary restraining order. Specifically, BroadStar needs oral

deposition(s) and documents from Defendant Thomas Stephens ("Defendant" or "Stephens")

prior to the injunction hearing.

## II.     GROUNDS FOR MOTION

1.      Neither the Texas Rules nor the Federal Rules of Civil Procedure provide a standard for the Court to use in determining whether expedited discovery is appropriate.  Rather, both sets of rules merely provide that discovery rules may be modified for "good cause."  *See* Tex. R. Civ. Proc. 191.1.

2.      Courts addressing the issue of expedited discovery apply a reasonableness test, which focuses on the circumstances of the case, the pending preliminary and/or temporary injunction hearing, the need for discovery, and the breadth of the moving party's discovery requests.  *See, e.g., Elsworth Associates, Inc. v. U.S.*, 917 F.Supp. 841 (D.D.C. 1996); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 624 (N.D. Ill 2000).

3.      Expedited discovery is particularly appropriate when a plaintiff seeks injunctive relief because of the expedited nature of injunctive proceedings.  *El Pollo Loco, S.A. De C.V. v. El Pollo Loco, Inc.*, 344 F.Supp.2d 986 (S.D. Tex. 2004); *Dayco Prods. V. Walker*, 142 F.R.D. 450, 453 n.2 (S.D. Ohio 1992) (plaintiff, in a case involving misappropriation of trade secrets, was entitled to prompt discovery and a prompt hearing on an application for an injunction).

4.      In the case at hand, there is a real and immediate threat that BroadStar will be irreparably harmed by Stephens's unauthorized use, misappropriation, and dissemination of BroadStar's confidential information and trade secrets.  Additionally, further delay by Stephens to comply with his obligations under his Employment Agreement to execute those documents reasonably requested by BroadStar to ensure that BroadStar's intellectual property rights are fully protected, jeopardizes the protections available to BroadStar.  It is therefore imperative that

this Court grant a temporary restraining order and a temporary injunction to prohibit Stephens from further harming BroadStar.

5.     Pursuant to the Texas Rules of Civil Procedure, if the Court grants BroadStar's Application for a Temporary Restraining Order, it will expire by its own terms within fourteen (14) days if a hearing has not been set on the injunction.  Tex. R. Civ. P. 680.

6.     To ensure that the parties have been able to adequately gather and tender all relevant information before the Court is asked to determine whether to grant the Temporary Injunction, it is necessary that the Court enter an order allowing expedited discovery.

7.     The discovery sought by BroadStar will shed light on matters pertinent to the injunction hearing, and is not sought for purposes of harassment or intimidation.  Rather, it is highly likely that expedited discovery will produce compelling evidence establishing Stephens's actual, threatened and/or inevitable misappropriation and disclosure of BroadStar's confidential and proprietary information and trade secrets to BroadStar's detriment.  Therefore, expedited discovery is particularly appropriate in this case to demonstrate the likelihood of future harm to BroadStar, which would be irreparable by monetary damages.

8.     BroadStar represents to the Court it is likewise willing to produce relevant documents and witnesses to Defendant on an expedited basis in order to allow Defendant to conduct reasonable and necessary discovery prior to the hearing on the injunction.

### III.     PROPOSED DISCOVERY SCHEDULE

For the above-stated reasons, BroadStar asks the Court to enter an order allowing expedited discovery on the issues arising out of the allegations set forth in BroadStar's Application For TRO and/or Application for Temporary Injunction on the following schedule:

-      The parties shall be entitled to notice, schedule, and take depositions in this matter upon five (5) calendar days' notice in preparation for the hearing on BroadStar's

Original Verified Petition, Application for Temporary Restraining Order, and Request For Injunctive Relief. BroadStar is authorized to first depose Defendant prior to any other depositions in this matter.

- Unless otherwise agreed to by the parties, Stephens, and any other deponent who receives a *duces tecum* with a Notice of Deposition hereunder shall produce by hand-delivery, email, or facsimile to counsel of record for the opposing party, no later than twenty-four (24) hours prior to the deposition, all records, documents, and tangible things responsive to the *duces tecum*, subject to any proper objections raised thereto.

- Unless otherwise agreed by the parties, BroadStar may serve requests for production of documents, interrogatories, requests for disclosure, and any other written request for discovery permitted by the Texas Rules of Civil Procedure on Defendant, and any responses and/or objections to such discovery requests shall be due no later than five (5) calendar days after service of such discovery requests.

- Unless otherwise agreed by the parties, the parties may serve written discovery, deposition notices, and any other discovery material by regular mail, expedited mail, facsimile, or electronic mail, and the party serving such material shall be deemed to have effectuated service in accordance with the Texas Rules of Civil Procedure on the day of its receipt of the material so long as the material is received no later than 5:00 p.m. prevailing time.

## IV.    CONCLUSION AND PRAYER

An order permitting expedited discovery is necessary to enable BroadStar to obtain evidence in support of its position on its Application for Temporary Injunction. The request for expedited discovery is reasonable under the circumstances of this case due to the need for discovery in order to prepare for the Temporary Injunction hearing.

WHEREFORE, BroadStar respectfully requests that this Court enter an Order permitting discovery on an expedited basis concerning the issues involved in BroadStar's Original Verified Petition, Application for Temporary Restraining Order, and Request For Injunctive Relief.

Respectfully submitted,

_____
Andrew M. Gould (SBN 00792541)
Marcia N. Jackson (SBN 24008411)
Jeffrey W. Hellberg, Jr. (SBN 00796738)
WICK PHILLIPS, LLP
2100 Ross Ave., Suite 950
Dallas, Texas 75201
214-692-6200
214-692-6255 (fax)
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I have caused to be delivered to an attorney believed to be representing Defendant a copy of this Motion.  At least one attempt to contact the attorney regarding the motion was made. Because this is an emergency request, submitted as part of a request for a temporary restraining order, an emergency exists such that irreparable harm will result if there is further delay of resolution of the matter.

_____
Andrew M. Gould

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served on Defendant by hand-delivery along with the Original Petition on this 11th day of February, 2010.

_____
Andrew M. Gould