## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **BROADSTAR WIND SYSTEMS GROUP LLC,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | |
| **THOMAS STEPHENS,** | § § | |
| **Defendant.** | § § | **CIVIL ACTION: 3-10CV0369-F** |
| **MARK BERGEE,** | § § | |
| **Plaintiff-Intervenor,** | § § | |
| **v.** | § § | |
| **BROADSTAR WIND SYSTEMS GROUP LLC,** | § § § | |
| **Defendant.** | § | |

### BROADSTAR'S EMERGENCY MOTION TO ENTER AND/OR EXTEND TEMPORARY RESTRAINING ORDER PENDING MOTION TO REMAND AND/OR INJUNCTION HEARING, AND SUPPORTING BRIEF

Plaintiff BroadStar Wind Systems Group LLC ("Plaintiff" or "BroadStar") files this Emergency Motion to Enter and/or extend the Temporary Restraining Order in this case against Defendant Thomas Stephens ("Defendant" or "Stephens"), as more fully set forth herein

### I.
### REQUEST FOR EMERGENCY RELIEF

This is an unfair competition action against a BroadStar employee accused of misappropriating a valuable computer program containing massive amounts of data developed by BroadStar over the past year. Two weeks ago, a Dallas County State Court entered a Temporary Restraining Order to prevent, among other things, the use, disclosure, or transferring

of company confidential information pending a temporary injunction hearing. *See* TRO, dated February 11, 2010, attached hereto. On Wednesday, February 24, one day prior to the injunction hearing and on the same day BroadStar was scheduled to depose Stephens, Stephens removed the case to federal court. Because the TRO expires today, BroadStar seeks an extension of the TRO to maintain the status quo and/or an emergency hearing for the Court to extend the TRO until such time as the temporary injunction can be heard.

## II.
## GROUNDS FOR MOTION

1.      This is an action between Plaintiff BroadStar and a current employee to secure the return, and to end the unlawful distribution of, valuable confidential and proprietary assets and trade secrets. Plaintiff BroadStar specializes in the research and development of wind turbines to generate energy. As set for the more fully in Plaintiff's Petition and Application for TRO, Plaintiff contends that Defendant has obtained its confidential and proprietary data, refuses to return it, and has distributed or will likely distribute it to others. These refusals violate both Defendant's common law duties as a Vice President of Broadstar, but also violate his Employment Agreement, which requires Defendant's cooperation and return of Company materials upon demand. Significantly, Defendant does not deny that he possesses the material at issue or that he has refused to return it.

2.      The basis for the underlying claims at issue herein are contained in written contracts between the parties (which, among other things, require Stephens to return any BroadStar property or data upon request), as well as in Texas common law. No federal claim has been made, and no federal statute is implicated.

3.      On February 11, 2010, BroadStar filed an application for Temporary Restraining Order in the 191st Judicial District in Dallas County, Texas. Stephens and Nashville, Tennessee

attorney Scott Johannessen appeared via telephone and argued in opposition to Plaintiff's TRO.[1] After hearing argument, Judge Sheryl McFarlin granted the Temporary Restraining Order, and set a preliminary injunction hearing for February 25, 2010. The Court also ordered expedited discovery. Stephens and/or Tennessee counsel expressed a desire to obtain Texas counsel, and, as a result, Stephens was ordered to immediately begin his search for representation and report to Judge McFarlin daily. To Plaintiff's knowledge, no such daily reporting was made.

4.     On February 19, 2010, BroadStar served a deposition notice *duces tecum* to Stephens and TN counsel scheduling Stephens's deposition for Wednesday, February 24, 2010.

5.     On February 23, 2010, Plaintiff notified Stephens and Mr. Johannessen that the time for the preliminary injunction hearing set for February 25 had been moved from 9:00 a.m. to 1:30 p.m. Plaintiff also reminded Stephens that his deposition was set for the following morning, February 24, 2010.

6.     Stephens failed to appear for deposition and a notice of non-appearance was taken. A local attorney named Bill Smith notified BroadStar that the case was being removed to federal court. BroadStar was unable to secure an extension of the TRO before the removal papers were filed.

7.     Although Stephens remains bound by various restrictive covenants, both contractual and under common law, as detailed in the Original Verified Petition, BroadStar has serious concerns as to whether he intends to honor those obligations. Unless the TRO entered by the state court is extended and/or entered independently by this Court, BroadStar stands to lose the emergency protection it obtained in state court to maintain the status quo pending an injunction hearing.

---

[1] Johannesen has notified Plaintiff's counsel that he is also counsel for the Intervenor in the state action, Mark Bergee.

**EMERGENCY MOTION TO ENTER AND/OR EXTEND TEMPORARY**
**RESTRAINING ORDER PENDING MOTION TO REMAND AND/OR**
**INJUNCTION HEARING, AND SUPPORTING BRIEF – Page 3**

Accordingly, Plaintiff respectfully requests that the existing TRO, set to expire today, be extended for ten (10) days, and/or that the Court schedule an emergency hearing to address the dilemma now facing BroadStar.

Respectfully submitted,

Andrew M. Gould (SBN 00792541)
Marcia N. Jackson (SBN 24008411)
Jeff Hellberg (SBN 00796738)
**WICK PHILLIPS, LLP**
2100 Ross Ave., Suite 950
Dallas, Texas 75201
214-692-6200
214-692-6255 (fax)
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF CONFERENCE

I certify that on February 25, 2010 counsel for Defendant William Smith and I conferred by telephone regarding the substance of this Motion.  Defense counsel advised that he opposed this request.

Marcia N. Jackson

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was served on all counsel of record pursuant to the Federal Rules of Civil Procedure on this 25th day of February, 2010.

William A. Smith
William A. Smith & Associates PC
10440 N. Central Expressway, Suite 1200
Dallas, TX 75231

Scott Johannessen
Law Offices of Scott D. Johannessen
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203

Marcia N. Jackson

## <u>VERIFICATION</u>

STATE OF TEXAS             §

                                               §

COUNTY OF DALLAS          §

       Before me, the undersigned authority, on this day personally appeared Andrew Gould, who being by me duly sworn, stated that he has read the foregoing Motion and that the factual statements in paragraphs 3-7 are within his personal knowledge, and are true and correct.

_____

Andrew M. Gould

       SWORN TO AND SUBSCRIBED TO on this 25 day of February 2010 to certify which witness my hand and seal of office.

AMY J. WISE
Notary Public, State of Texas
My Commission Expires
October 18, 2010

_____

Notary Public In and For the State of Texas

**EMERGENCY MOTION TO ENTER AND/OR EXTEND TEMPORARY RESTRAINING ORDER PENDING MOTION TO REMAND AND/OR INJUNCTION HEARING, AND SUPPORTING BRIEF – Page 6**